Cleveland Trust Company, Plaintiff, v. Pomeroy et, Defendants.

Common Pleas Court, Cuyahoga County.

No. 694776. Decided September 30, 1961.

*Messrs. Morley, Stickle, Keeley & Murphy*, for plaintiff.

*Mr. Lockwood Thompson* and *Mr. Harry Buchman*, for defendant, Eugene C. Pomeroy.

*Messrs. Osterland & Richert*, for the defendant, Cleveland Trust Co. as Trustee under the deed of trust of Almira F. Chase.

*Mr. Richard S. Douglas* and *Messrs. Kiefer, Waterworth, Hunter & Knecht*, for William H. Cowles, Jr. and John McKinley, Executors under the Will of William H. Cowles, Deceased, and William H. Cowles, John McKinley and Alfred Cowles, Trustees under said Will.

*Messrs. Spieth, Bell & McCurdy*, for Sterling Newell, Jr., Guardian Ad litem for the minor defendants.

504

JOSEPH H. SILBERT, J. This action was brought before the Court on a petition for declaratory judgment.

In 1931, Eugene C. Pomeroy and his wife Elizabeth E. Pomeroy entered into a written agreement with the Cleveland Trust Company. The agreement was entitled "Trust Agreement." The Cleveland Trust Company now asks that the Court declare its rights and duties in the management of the Trust, and in particular as to the right of Eugene C. Pomeroy, Elizabeth E. Pomeroy now being deceased, to revoke the trust.

The petition also raised a collateral issue, namely, if the trustees are to act in a certain manner and pay an indebtedness to the Cleveland Trust Company as trustee under the deed of trust of Almira F. Chase, they then asked what rights and interests certain defendants have in the said Chase trust.

The petition names as defendants all of the interested parties under the Pomeroy trust and all of the living beneficiaries under the Chase deed of trust. Also named are the executors and trustees of the estate of W. H. Cowles. None of the defendants in their answers have made any new parties defendant to the action, but the Cleveland Trust Company, as trustee under the deed of trust of Almira F. Chase, has asked for affirmative relief in its answer stating that if the indebtedness owed to it is paid it will be unable safely to proceed with the disposition of the income and principal unless and until it receives certain advice from the Court.

The Court finds that it cannot advise the Cleveland Trust Company as trustee under the deed of trust of Almira F. Chase, nor can it give any declaratory judgment as to the disposition of assets in that trust when and if the indebtedness to it is paid off. The Chase trust, as modified, states that upon the repayment of the indebtedness from the Pomeroy trust that the trustees are to set aside a fund "equal in amount and value to the aggregate of indebtedness of principal and interest so paid to the trustee hereunder."

The Court holds that it cannot declare the meaning and terms of said words and to whom the trustee shall pay any sums thereunder for the reason that certain contingent beneficiaries under the deed of trust of Almira F. Chase have not been made parties to this action. The contingent beneficiaries

are those who will take the remaining interest in the trust if certain testamentary dispositions are not made. These beneficiaries include certain named charitable institutions and also Alfred H. Cowles, Lewis H. Cowles, Florence H. Cowles, Eugene C. Pomeroy (he, of course is a party to this suit) or the issue of any of them that may be deceased. Since these contingent beneficiaries have not been permitted to set forth their views—as to the meaning of the language quoted and to other pertinent language in the trust, relief sought in declaring rights under the deed of trust of Almira F. Chase must be sought in another action wherein all the interested parties are before the Court.

The agreement reached between the Pomeroys and the Cleveland Trust Company is not complex. As stated above, it is entitled "Trust Agreement." The first paragraph therein clearly states that property is "sold, assigned, transferred, conveyed, delivered and set over unto the Cleveland Trust Company as Trustee." The next succeeding paragraphs set forth the powers and the duties of the trustee and have specific reference to the management of the trust. The parties then set forth in writing the intention for the creation of the instrument and the relationship and state;

"It is the intent of the donors in the creation of this trust to provide out of the income and/or principal of the trust estate for the payment of the following obligations of the donors, and in the following order of priority."

Thereafter, obligations are set forth in three categories, "A, B, and C." The obligations under Category A have been paid as have the obligations under Category B. Those under Category C have not been paid. The obligations under Category C are that the trustee is to pay the note of W. H. Cowles in the amount of $10,000.00 plus interest at certain set rates and to pay the Cleveland Trust Company as trustee for Almira F. Chase, an indebtedness to it in the amount of $22,559.25 plus interest at certain set rates.

After setting forth the obligations to be paid, the instrument goes on to recite that all of the indebtedness under the obligations listed in Categories A, B, and C, shall mature and be payable on August 13, 1934. The instrument then asks for

a forbearance on the part of the obligees until August 13, 1934 for the consideration of the donors subjecting the corpus of the trust together with any additions thereto or substitutions therefor to the lien of the obligations and for the further agreement on the part of the donors to pay any deficiencies with interest.

The instrument then sets forth certain rights reserved by the donors. The instrument states,—

"No power of revocation or recall is reserved to the donors or either of them until after the 13th day of August 1934, *and after the satisaction of the charges hereinabove listed.*" (Emphasis added.)

All of the remaining provisions of the trust set up a very simple revocable trust with the donors as life beneficiaries, the final disposition to be determined by testamentary appointment or to lineal descendants of the donors.

Attached to the trust is a "Schedule A," which describes the property transferred and assigned. The assets assigned at that time were in substance the assignment of equities.

The trustee sets forth in his petition and the evidence has clearly shown that the assets represented by the equities assigned did not mature rapidly into anything of value. With the passage of time and the payment of the early obligations the assets have grown and the Cleveland Trust Company now desires to pay the obligations set forth in Category C, which admittedly by the terms of the instrument were to be paid on August 13, 1934. The Trustee has hesitated to pay the obligations in Category C because Eugene C. Pomeroy has informed it that he is revoking the deed of trust and that it is his belief that the obligations under Category C are not enforceable because of the statute of limitations, and because of a presumption of payment from the lapse of time which obliterates the debts and extinguishes them, and for the reason that the obligees under Category C are not beneficiaries of a continuing and subsisting trust.

The Court has carefully examined the trust instrument and the evidence to determine the intention of the parties and the relationship between the parties.

The facts in the instant case establish that in 1931 the

Pomeroys owed a considerable amount of money and their assets were limited, but they intended to pay these debts. With this intention they entered into the trust agreement and delivered unto the Cleveland Trust Company all of their equitable interest in certain property.

"Where a debtor delivers money or other property to a third person with instructions to pay a particular creditor, the relation thereby created may be a contract for the benefit of the creditor, or an agency for the debtor, or a trust."

See Scott on Trusts, 2d, Vol. III, Section 330.6, at page 2399.

"Whether a trust or an agency or a contract for the benefit of a third party is created and whether if a trust is created the creditor is a beneficiary of the trust, depends upon the manifestation of intention of the debtor."

See Scott on Trusts, 2d, Vol. II, Section 126.1, at page 899.

Clearly it is the manifestation of intention of the debtor and of no one else as to what has been done.

The case of *Sayer* v. *Wynkoop*, 248 N. Y., 54, discusses the various alternatives and the necessity for seeking out the intention of the debtor. In that case the New York Court held that it was the intention of the owner and not that of the receiver which was controlling upon the question whether the title to monies had been transferred and a trust created. The case set forth the alternatives by stating that a person who delivers property or money to another with instructions to pay them to a third person may intend one of several relationships to be created. He may intend to make the receiver the mere custodian of the funds, or an agent for himself, or he may intend to name him as a trustee for the third person. Or, as an additional alternative, the receiver of the monies may be the agent of the third person or merely a messenger.

In the instant case many of the above relationships are easily eliminated. The Cleveland Trust Company obviously was not a messenger or agent for the creditors. The clearest indication of what the Cleveland Trust was intended to be is set forth in the instrument itself. The instrument states that the donors delivered certain property to be held, managed and controlled by the Cleveland Trust Company "as Trustee";

that it was their intention that the trustee pay their obligations and thus the Court finds that the obligees were in fact beneficiaries, and that the trust is a valid and subsisting one as to those obligees. Or, stated in another way, the Pomeroys created a relationship for the payment of debts which they owed by providing a fund to be applied to the payment of those debts and by transferring legal ownership in the assets to a third person. Thus a trust was created. See Scott on Trusts, 2d, Vol. I, Section 12.12, at pages 131 and 132. The reason is that the legal title to the property passed to the Cleveland Trust Company and it was charged with the duty of applying the property or its proceeds to the payment of the debts of the Pomeroys. Under such circumstances, as stated above, a trust is created. See *Scott on Trusts,* 2d, Vol. II, Section 126.1, pg. 898.

In the instant case the Court finds no evidence of the fact that W. H. Cowles or his successors consented to the substitution of the debt for the trust obligation. Thus there was not a novation in that instance. The debt represented by the note in the amount of $10,000.00 did remain even after the trust was created and he or his estate could have enforced either the debt or the trust. See *In re Estate of Benjamin Guggenheim,* 150 N. Y. S. 2d, 87, 150 N. Y. S. 2d, 91, and *Scott on Trusts,* 2d, Vol. I, Section 12.12, at page 132. Thus we see that W. H. Cowles and his successors had two strings in their bow—a claim against the Pomeroys and a claim against the trustee, the Cleveland Trust Company. See *Scott on Trusts,* 2d, Vol. III, Section 30.6 at page 2399. The claim against the Pomeroys on the note has never been enforced at law, and should it be enforced Eugene C. Pomeroy indicates that he would use the statute of limitations, which is obviously a good defense, and thus that issue is moot.

There was no need for the debtor, W. H. Cowles, to take a judgment on the note in 1934 and receive a deficiency judgment against the Pomeroys as provided for in the trust instrument. W. H. Cowles had a choice. Under the evidence of this case he would not have received full value by taking a judgment and thus could better afford to wait until the assets in the trust matured to full value so that he could be paid in full as

a beneficiary of the trust. In addition to being a vain act, the taking of a deficiency judgment in 1934 would not ordinarily be expected by the Pomeroys as the beneficiaries under Category C were relatives and thus it must have been the expectation of the Pomeroys when they created the trust that the beneficiaries would accept its terms and would not enforce the notes. This is another clear indication that the Pomeroys intended to create a trust with the obligees under Category C as beneficiaries.

Having determined that a trust agreement was entered into and that the relationship between Pomeroy and the Cleveland Trust Company was that of settlor and trustee, the further question as to termination and modification and enforcement of the trust by the obligees arises. An exact example of this has been set forth in *Scott on Trusts*, 2d, Vol. III, Section 330.06, at page 2401, and Scott states the following:

"If when A pays the money to C, C acquires the legal title but not the beneficial interest, C holds the money in trust either for A or for B. In the absence of a previous arrangement between A and B, the inference is that C holds the money in trust for A, the purpose of the trust being to benefit A by discharging his debt to B. In such a case A can terminate the trust and require C to return the money to him at any time until C has paid B. The result is the same even though the transaction is regarded as creating a trust for B with power in A at any time to revoke the trust. *It is possible, however, for A to create an irrevocable trust in favor of B.* This is more likely to be the situation where there has been a previous arrangement between A and B that such a trust would be created, whether or not as a part of the arrangement B agrees that the creation of the trust shall extinguish his claim against A; *but it is possible for A to create an irrevocable trust in favor of B, his creditor, even though he has not previously agreed with B to do so.*" (Emphasis added.)

To relate the above in the instant case, Pomeroy paid money or in actuality gave equities to the Cleveland Trust as trustee. The Cleveland Trust acquired the legal title to the equities but not the beneficial interest. The Cleveland Trust held the money in trust for either the Pomeroys or for the obligees under Category C. There was no previous arrangement between the Pomeroys and the obligees. Thus, according

to the above, the inference would be that the Cleveland Trust held the money in trust for the Pomeroys, the purpose of the trust being to benefit the Pomeroys by discharging their debt to the obligees. But when the trust agreement is examined in the instant case, this is not the true situation, for a reading of the instrument clearly shows that even though the Pomeroys had not previously agreed with the obligees to create an irrevocable trust in their favor, they did. This is demonstrated by the language in the revocation paragraph wherein it is stated that there may be no revocation or recall until after the satisfaction of all of the obligations. These obligations include the indebtedness to W. H. Cowles and to the Cleveland Trust as trustee for Almira F. Chase, as set forth in Category C.

Since, as discussed above, it is the intention of the debtor which determines the character of the relationship and since the Court has examined the instrument and has found a clear intention on the part of the Pomeroys to create a trust which was irrevocable until all of the obligations were paid, the Court is bound to hold the donor to his original intention although there has been a much longer lapse of time than he originally expected, and of course the defense of the statute of limitations does not apply to the beneficiaries of a valid and subsisting trust. As stated in 54 C. J. S., 149, No. 178 "The statute of limitations will not begin to run in favor of the trustee of a direct, express, and continuing trust until the trust terminates, or there has been a refutation by the trustee and an assertion of an adverse claim, and that fact made known to the cestui que trust."

Eugene C. Pomeroy and his counsel have relied upon the case of *Woolsey* v. *Trimble*, 18 F. (2d), 908, and other cases of a similar type. The Court finds that those cases are not applicable to the instant case. In the *Woolsey case, supra*, the written instrument was in the form of a receipt. Here the written instrument is clearly in the form of a trust agreement and the language of the trust agreement is easily interpreted. Agreeably the word "trust" is often used in a very broad and comprehensive sense, but in the instant case the word "trust" was used in its proper sense and the instrument is one which conforms generally to the usual type of trust instrument.

The Court further finds that the presumption of payment from the lapse of time has not obliterated this debt or extinguished it for several reasons:

First, the presumption of payment has been overcome by clear and convincing evidence that the indebtedness has not been paid;

Second, by the admission of Eugene C. Pomeroy on the stand that he still was indebted and that he had not paid the indebtedness represented either by the notes or by the trust agreement.

The same reasoning which has been applied by the Court to the note of W. H. Cowles would be applied to the indebtedness due to the Cleveland Trust Company as trustee under the deed of trust of Almira F. Chase save and except that Almira F. Chase apparently recognized and accepted the substitution of the trust for the debt; this is evidenced by the modification of her own trust after the Pomeroy's trust was created. Thus there was a novation and the trustee under that trust can no longer enforce the obligation at law. This change in circumstance has little meaning, as at this late date, as noted above, the debt could not be enforced at law, because the defense of the statute of limitations could properly be raised.

Eugene C. Pomeroy has also stated that for the Court to order the payment of the Cowles and Chase indebtedness would be inequitable. The Court does not find this to be true. The obligees have patiently waited until such time as the trust could make payment without rendering it insolvent.

The evidence clearly indicates that there were insufficient funds to pay any of the indebtedness under Category B until 1940. It was not until approximately July 5, 1955 that the trustees completed the payment of the Category B obligations. Almost immediately Mr. Pomeroy gave notice of his intention to revoke the trust and thus the C obligations have not yet been paid. Settlement negotiations then took place between the trustee, the beneficiaries under Catgory C and Mr. Pomeroy. They were unsuccessful and this suit was brought.

The Court therefore advises: This suit is properly brought by the Cleveland Trust Company as trustee for Eugene C. Pomeroy as Mr. Pomeroy's letter of revocation was a sufficient

reason for the trustee to seek a judicial determination of the rights of the parties.

The defendant Eugene C. Pomeroy may not revoke the deed of trust of March 5, 1931 nor require the delivery to him of the assets of the trust before the payment in full of the indebtedness under Category C, namely the note to W. H. Cowles in the amount of $10,000.00 plus interest at the rates set forth in the trust agreement, and the indebtedness to the Cleveland Trust Company as trustee for Almira F. Chase in the amount of $22,559.25 plus interest at the rates set forth in the trust agreement.

The duties of the Cleveland Trust Company as trustee with respect to the property now in the Pomeroy trust are the same as those which it has been carrying on heretofore. It is to preserve and conserve the assets of the trust, to cause whatever appreciation possible and to pay the indebtedness in such a manner as will not destroy the equity and in such a manner as will permit the payment and also retain an equity for the donor.

As stated above the Court will not in this case determine the rights of any defendants to any interest in the Chase trust as modified.

The petitioner has further asked for such other relief as may be right and just. During the trial of the suit the evidence disclosed what to the Court would be a violation of trust by the trustee, or in actuality, by counsel for the trustee. This violation of trust related to obtaining a signature from Eugene C. Pomeroy on a letter dated September 30, 1955 and the expenses incident to obtaining the signature and the expenses incident in a trip made by said counsel in the State of Washington. The Court orders that the expenses incident to both trips be removed as a charge against the trust and be paid for by the Cleveland Trust Company out of its own account plus 6% interest computed annually from the day said funds were removed from the trust.

Exceptions to all parties.  O. S. J.