MUMMA ET AL., APPELLANTS, *v.* HUNTINGTON NATL. BANK OF
COLUMBUS, TRUSTEE, APPELLEE.

[Cite as Mumma v. Huntington Natl. Bank, 9 Ohio App. 2d 166.]

(No. 8469—Decided January 31, 1967.)

*Mr. Joseph D. Karam* and *Mr. Robert L. Cohodes,* for appellants.

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. James E. Pohlman* and *Mr. Thomas C. Coady,* for appellee.

TROOP, J. Roger K. Mumma executed a trust agreement July 25, 1960, by which assets were transferred to the Huntington National Bank as trustee. The trust instrument is stipulated and identified as Exhibit A. A petition was filed in the Common Pleas Court of Franklin County by Roger K. Mumma, in

which he is joined, as parties plaintiff, with his minor daughter, Lisa Ann, two years of age, represented by her guardian, Carolyn Elizabeth Mumma, the former wife of Roger Mumma. Plaintiffs pray for termination of the trust and a transfer of the trust property to the settlor, Roger K. Mumma. The defendant is the bank as trustee.

Both plaintiffs and defendant made motions for summary judgment. According to the entry of the court the motions were heard upon the pleadings, an affidavit, written stipulations of fact, and a written admission of the genuineness of papers and documents. The court held that the motion of the plaintiffs was not well taken and overruled it, and further found that the motion of the defendant was well taken and it was sustained. It was, therefore, the judgment of the court that the trust could not be terminated. This appeal was taken from that judgment and final order upon questions of law.

There is only one assignment of error urged by the plaintiffs to support the appeal. It is as follows:

"The Franklin County Court of Common Pleas was in error in overruling plaintiff's motion for summary judgment by holding that appellant, Roger K. Mumma was not the sole beneficiary of the Trust, dated July 28, 1966 [*sic*]." (The date of July 25, 1960, is used in Exhibit A, R-3, and Stipulation.)

This review is concerned solely with the one assignment of error, seeking only to answer the question raised—Is Roger K. Mumma the sole beneficiary under the trust? Consideration is of the same basics, pleadings and stipulations, before the trial court. Claims improperly made in oral argument and briefs as to extraneous facts not shown in the record are completely disregarded.

The whole of a trust agreement must necessarily be scrutinized as the basis for the interpretation of its meaning and the discovery of the intent of the settlor. In the instant case some provisions deserve particular attention, and they are as follows:

"1. During the life of Roger K. Mumma the trustee shall distribute to him or shall pay to others for his benefit not less than one-half of the income received by the trustee and, in addition, such part of the balance of the income received by the trustee and such part of the corpus of the trust estate as the

trustee shall, in its discretion, deem advisable for the proper maintenance of Roger K. Mumma and for the proper maintenance, support and education of any children of Roger K. Mumma.

"2. Upon the death of Roger K. Mumma the trustee shall pay and distribute the assets of the trust then remaining in its hands to the estate of Roger K. Mumma, to the surviving spouse of Roger K. Mumma, to the issue of Roger K. Mumma, or to the issue of George E. Mumma and Leonora K. Mumma, parents of grantor, in such shares, estates and interests, legal or equitable, and in such manner to any of them as grantor shall provide by the provisions of his last will and testament.

"3. If grantor shall not have effectively appointed all or any part of the property of the trust, then upon his death the assets of the trust shall be paid and distributed as follows:

"(a) To the surviving spouse of grantor, if any;

"(b) Failing a surviving spouse, to the issue of grantor in equal shares; or

"(c) Failing such issue of grantor, to the issue of George E. Mumma and Leonora K. Mumma then living, per stirpes and not per capita.

"* * *

"5. Notwithstanding the foregoing provisions, grantor may, by election in writing delivered to the trustee, elect to receive the following:

"(a) All of the income received by the trustee after Roger K. Mumma attains the age of twenty-five (25).

"(b) One-half of all trust assets when Roger K. Mumma shall have attained the age of thirty (30).

"(c) All of the trust assets when Roger K. Mumma shall have attained the age of thirty-five (35).

"The foregoing right to elect to receive distribution shall be accumulative and may be exercised at any time after Roger K. Mumma shall have attained the said ages respectively."

It is noted also that the trust agreement contains these words, "Grantor reserves no power or authority to revoke, modify or change this trust agreement." The trust is, therefore, irrevocable, although subject to termination by its own terms or by a court pursuant to applicable law.

Ohio is essentially without any decision authority bearing upon the problem in the instant case. Reliance is, therefore, upon the general authorities.

The importance of the language of the trust instrument itself is emphasized by a rule set out in II Scott on Trusts, 2 Ed., 1159, Section 164.1, as follows:

"The terms of the trust are determined by the intention of the settlor at the time of the creation of the trust, and not by his subsequent intention. * * *"

A more elaborate statement of the same fundamental is found in 53 Ohio Jurisprudence 2d 425, Section 22, as follows:

"It is axiomatic in the construction of a trust that the intention of the settlor must be determined by the language employed in the trust instrument; that in determining his intention, due weight must be given to all words used by the settlor; that all the provisions of the trust instrument must be considered together; and that the settlor, like other persons, is charged with the knowledge of the law."

A settlor may reserve to himself the right to revoke a trust. Roger Mumma could have done so, but he did not. The rule is clearly stated in 54 American Jurisprudence 79, Section 77, as follows:

"While, without question, the settlor of a trust may revoke the trust where power of revocation is validly reserved, if a particular mode of revocation is specified, it is essential that the mode specified be strictly followed in order to make the revocation effective. * * *"

In the paragraph numbered five of the trust instrument the the settlor provides for the termination of the trust by certain elective steps and respecting both the income and the corpus of the trust. The settlor may terminate the trust completely by electing to receive what remains of the trust assets when he attains the age of thirty-five years. No right of revocation having been reserved, the trust will terminate according to the schedule providing certain elections, unless the Court of Common Pleas could have, and should have, terminated it upon the prayer of the plaintiffs. Some basic general rules seem clearly established. The following propositions are important:

53 Ohio Jurisprudence 2d 551, Section 75. "* * * A court

has no power to terminate a trust contrary to the provisions of the instrument governing it unless all persons concerned consent to such termination."

2 Restatement of the Law of Trusts 2d 171, Section 339. "If the settlor is the sole beneficiary of a trust and is not under an incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished."

II Scott on Trusts, 2 Ed., 908, Section 127.1. " * * * Unless he has reserved a power of revocation, he cannot revoke the trust if he is not the sole beneficiary unless the other beneficiaries are all ascertained and sui juris and consent to the revocation. * * *"

It appears settled that Roger K. Mumma can terminate this trust if he is the sole beneficiary under the trust. The simple, clean-cut example of such a trust situation would be if Mumma had conveyed trust property to the bank providing for the payment of the income to him until he reached thirty-five years of age, at which time the trust property must be reconveyed to him. Even if irrevocable, Mumma would be the sole beneficiary and could terminate the trust, perhaps without court action. Clearly, there are no other interests injected into the trust picture. If the settlor died before reaching thirty-five the trust assets would revert to his estate. II Scott on Trusts, 2 Ed., 909, Section 127.1, says:

" * * * where the owner of property transfers it inter vivos in trust to pay the income to himself for a period of years at the expiration of the period to reconvey the property to him, he is of course the sole beneficiary of the trust. * * *"

We now face the more difficult question—Were other interests injected into the trust arrangements, or, contemplating the language of the agreement, is Mumma still the sole beneficiary? Attention is addressed to certain provisions of the trust agreement. The paragraph numbered one provides for a distribution of income but further directs the use of the corpus of the trust estate, at the discretion of the trustee, for the proper maintenance of the settlor and "for the proper maintenance, support and education of any children of Roger K. Mumma." The settlor has one child. He could have more children before he becomes thirty-five.

The paragraph numbered two provides for the power of appointment by will. The possibility of the failure of the settlor to make a will is covered in the paragraph numbered three. Included in the evidence is a will made by the settlor in which he does appoint, but such will is only effective at the time of his death. Even though deposited in the Probate Court it may be withdrawn and destroyed. The settlor could die before he reaches thirty-five, and without a will. In that event, the paragraph numbered three is controlling, and the trust estate goes to a possible spouse, but more importantly, "to the issue of grantor in equal shares."

It is not enough for counsel to quote the portions of the rules provided by the general works favorable to a particular position. All the subparagraphs are as important as the broad general rules provided in the texts. Bearing upon the determination as to who is a sole beneficiary, and the effect of the presence of other interests, the authorities speak as follows:

2 Restatement of Law of Trusts 2d 172, Section 339b. "The settlor is the sole beneficiary of a trust if he does not manifest an intention to give a beneficial interest to anyone else. If, however, he manifests an intention to create a vested or contingent interest in others, as for example, his children, or the persons who may be his heirs or next of kin on his death, he is not the sole beneficiary, unless such intended interests are invalid, either under the rule in Shelley's Case or otherwise. * * *"

54 American Jurisprudence 75, Section 71. "The tendency of the American decisions is to treat the possibility of issue as one which prevents the distribution of trust property; and the American courts generally refuse an application to terminate a trust estate which would be affected by the birth of issue, and apply the presumption that the possibility of issue is never considered extinct, even though in fact the possibility of issue appears to be remote. * * *"

54 American Jurisprudence 117, Section 139. "* * * A present trust may be created where the beneficiary is an unborn child, and generally, the fact that beneficiaries of a trust may come into existence precludes its termination before the time set for its termination by the terms of the trust. * * *"

At the time of the creation of the trust, Roger K. Mumma provided for "any children of Roger K. Mumma" (paragraph numbered one), "the issue of grantor in equal shares," an obvious intention to provide for the yet unborn. The authorities supply the following:

III Scott on Trusts, 2 Ed., 2489, Section 340. "If the settlor is not the sole beneficiary of the trust because there is a vested or contingent gift over to others, he cannot revoke the trust without their consent, and if any one of them is under an incapacity, or is not ascertained, or is unborn, the settlor cannot revoke the trust. This is true even though he has a general power of appointment. * * *"

54 American Jurisprudence 459, Section 593. "The rule that the possibility of issue of living persons and that the presumption that such possibility is never extinct will preclude the termination of a trust in case there is a provision in it for unborn contingent beneficiaries is not affected by the fact that the only possible parents of such beneficiaries are parties to the suit, although the parents are also beneficiaries of the trust, since the interests of the unborn contingent beneficiaries and of their future parents are not identical. * * *"

A discussion of the fine lines that have been drawn by some courts confronted by the "sole beneficiary" problem is found in Section 127, at page 273, of 2 Restatement of the Law of Trusts 2d. It is suggested that if a settlor provides for income to himself for life, and at death the corpus to "his children, or issue, or descendants, he is not the sole beneficiary of the trust, but an interest in remainder is created in his children, issue, or descendants." Use of other language produces a more doubtful question, for example, at death, to heirs or next of kin, those entitled to his estate if he dies intestate, or those who succeed under the statute of descent and distribution. The authors say such language suggests an inference that the settlor is a sole beneficiary.

The settlor herein, accepting the fine line, provided for "any children," "the issue of grantor." Roger K. Mumma is not yet thirty-five. There may be other children before that time.

Counsel for plaintiffs strongly urge, in brief and oral argu-

ment, that the introductory word, "notwithstanding," in the paragraph numbered five, precludes consideration of the paragraphs numbered two and three. Accepted meanings of the term are, without prevention or obstruction by, nevertheless, however, or although, none of which suggests that the word nullifies, revokes or renders ineffectual what has been said or done. It does not destroy the former provision; rather, they still remain to be a part of the whole document.

The clear intention of the settlor, Roger K. Mumma, was to provide for his unborn children, or issue, and, by the language used at the time the trust agreement was created, an interest in the trust estate was given to "any" such children. The settlor may not now change his mind and terminate the trust. He is not a sole beneficiary. There is still a valid and subsisting inter vivos trust, an agreement to terminate the trust and a duly executed will *notwithstanding.*

The judgment of the trial court is sustained and the appeal dismissed at the plaintiffs' costs.

*Judgment affirmed.*

DUFFY and DUFFEY, JJ., concur.