NOZIK, Appellee,

v.

McDONALD et al., Appellants.

[Cite as *Nozik v. McDonald* (1994), 99 Ohio App.3d 353.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 93–L–183.

Decided Nov. 21, 1994.

*Jerome M. Ellerin* and *Michael A. Sanson,* for appellee.

*Charles N. Higgins, Jr.,* for appellants.

---

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case submitted on the briefs of both parties.

Appellants, Eleanor McDonald and Albert C. Nozik, appeal from a judgment rendered by the Lake County Court of Common Pleas granting a motion for partial summary judgment in favor of appellee, Errol Nozik.

The undisputed facts are as follows. On July 10, 1954, Mentor Lagoons, Inc. (the "corporation"), issued Stock Certificate No. 3 for twenty shares of stock, to appellant Eleanor A. Schwed, now known as Eleanor McDonald ("McDonald"). On the same day, a trust agreement for Stock Certificate No. 3 was executed by McDonald.

Pursuant to the trust agreement, Certificate No. 3 was held in trust for Errol Nozik ("Errol") as a cestui que trust. The trust was to continue for the life of McDonald, during which she would exercise the voting rights and receive the proceeds from the stock's earnings and dividends.

The trust agreement stated that the trust's purpose was:

"[T]o secure the interest of Errol S. Nozik, who is a minor and now in school; but at the same time to reward Eleanor A. Schwed for the faithful years of service she has devoted.  \* \* \*

"The purpose is also to retain the family control and prevent any interference with the corporation by any outsiders, this being particularly directed to the family of Eleanor A. Schwed, any member of which might secure an interest in this corporation in the event of her demise."

The trust was terminable only "by the will of the Trustee or her death."

On December 7, 1992, appellant Albert C. Nozik ("Nozik") wrote to Errol indicating Nozik's intention to buy the twenty shares of Mentor Lagoons stock from McDonald. In a reply letter dated December 11, 1992, Errol stated that he had no intention of relinquishing his beneficial interest in the twenty shares of stock, and informed Nozik that if McDonald was not interested in serving as trustee, the stock should be endorsed and transferred to Errol as beneficiary. Both of the appellants read Errol's letter.

On February 6, 1993, McDonald conveyed to Nozik the twenty shares of Mentor Lagoons stock for consideration which included the transfer of two parcels of property. Then Nozik surrendered the stock to the corporation in exchange for the issuance of Stock Certificate No. 6 for twenty shares of Mentor Lagoons stock. Stock Certificate No. 6 was issued to Nozik individually and unencumbered by any trust obligations.

McDonald acknowledged in her deposition that she had exercised her power to terminate the trust at her will and no longer had any interest or claim to the twenty shares of Mentor Lagoons stock. In effect, McDonald had renounced and abandoned her lifetime interest in the stock's earnings and dividends.

On April 1, 1993, Errol filed a complaint against appellants, seeking a judgment ordering Nozik to endorse and deliver the twenty shares of Mentor Lagoons stock to Errol and to pay punitive damages and legal fees.

On June 1, 1993, Errol filed a motion for partial summary judgment. Errol argued that McDonald had conveyed the twenty shares of Mentor Lagoons stock in contravention of the trust agreement and her fiduciary duties as trustee. Errol also argued that appellants had full knowledge of Errol's rights and interests in the stock, and their actions were taken to deprive Errol of his beneficial interest in the stock. Errol further argued that McDonald's actions terminated the trust and, thus, required the transfer of the stock to Errol, the designated beneficiary under the trust.

On June 24, 1993, appellants filed a response to Errol's motion, which argued that there was a genuine issue of fact regarding Errol's interest in the shares of stock, and that an award of the stock shares to Errol would allow him to control the corporation to the exclusion of Nozik.

In a judgment entry dated November 3, 1993, the trial court granted Errol's motion for partial summary judgment. McDonald and Nozik have filed a timely appeal and now present two assignments of error.

In the first assignment of error, appellants contend that the trial court erred in granting Errol's motion for partial summary judgment. The second assignment of error challenges the trial court's ordering the transfer of the twenty shares of Mentor Lagoons stock from Nozik to Errol. Since the two assignments of error have a common basis in law and fact, we will consider them concurrently.

Civ.R. 56(C) provides the standard governing motions for summary judgment and states in pertinent part that:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.   * * *"

In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 46–47, 517 N.E.2d 904, 906–907. "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

Thus, appellants, as the nonmoving parties, bear the burden of producing specific evidence to demonstrate that a genuine issue of material fact exists for trial. Appellants contend that they have met this burden. We disagree.

" 'A valid trust *inter vivos* is created when, under a trust agreement, the settlor transfers and delivers property to a trustee with the intention of passing title, and designated beneficiaries take immediate vested interests in such property.' " *First Natl. Bank v. Tenney* (1956), 165 Ohio St. 513, 518, 60 O.O. 481, 484, 138 N.E.2d 15, 19, quoting *Cleveland Trust Co. v. White* (1938) 134 Ohio St. 1, 11 O.O. 377, 15 N.E.2d 627, paragraph one of the syllabus. Thus, "a trust speaks from the date of its creation." *Id.* at 518, 60 O.O. at 483, 138 N.E.2d at 18.

A settlor may have the power to revoke, alter, amend, or terminate the trust, but only if that power has been reserved. *Mumma v. Huntington Natl. Bank* (1967), 9 Ohio App.2d 166, 169, 38 O.O.2d 183, 185, 223 N.E.2d 621, 623. Similarly, a trustee may have power over the continuance of the trust if an express provision in the trust agreement provides for such power. See *Homer v. Wullenweber* (1951), 89 Ohio App. 255, 260, 45 O.O. 481, 483, 101 N.E.2d 229, 233.

A trustee owes certain duties to the trust's beneficiary including, *inter alia,* the duty to account and convey the trust corpus upon termination of the trust. *Id.* at 259, 45 O.O. at 483, 101 N.E.2d at 232. When a trustee wrongfully disposes of the trust corpus to someone other than the beneficiary, knowing that

the transfer is wrongful, a constructive trust may be imposed upon the trust property to prevent the unjust enrichment of the transferee, irrespective of intentions. *Katz v. Banning* (1992), 84 Ohio App.3d 543, 552, 617 N.E.2d 729, 735, citing *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 171–172, 63 O.O.2d 262, 267–268, 297 N.E.2d 113, 120; *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 226, 9 OBR 565, 567, 459 N.E.2d 1293, 1296. However, a constructive trust will not be imposed if the transferee is a bona fide purchaser for value and without notice of the rights of the beneficiary. *Clagg v. Cooke* (Aug. 18, 1989), Pickaway App. No. 88 CA 23, unreported, 1989 WL 98482.

■ In the case *sub judice*, the trial court held that:

"[T]he Trustee's conduct in conveying the subject stock to Defendant Albert Nozik did, in fact, amount to a voluntary termination of the trust * * *.

"[T]he instrument does not provide the settlor of the trust with any power to alter, amend or revoke the trust, nor does it provide a reversionary interest in the trust property in the event of termination by the Trustee. * * * Thus, the Court finds that any interest of Defendant Albert Nozik as the settlor of the trust had been terminated at its creation. * * *

"[T]he Court finds that the conveyance of the subject stock to Defendant Nozik divested Defendant McDonald of all interest in the trust property, thereby vesting a corresponding interest in the beneficiary and giving rise to an immediate obligation to convey the trust property to the Plaintiff as beneficiary. * * *"

While we disagree with the trial court's characterization of Nozik as the trust's settlor, we agree with the trial court's ultimate determination to grant Errol's motion for partial summary judgment.

Stock Certificate No. 3 was issued to McDonald by the corporation. Nozik neither owned nor had any interest in the twenty shares of stock conveyed by the stock certificate. Upon creation of the trust agreement in 1954, the corporation failed to reserve any right to amend, alter, revoke, or terminate the trust. Hence, the corporation no longer had any rights, title, and interest in the stock after 1954.

However, pursuant to the trust agreement, McDonald had the power to terminate the trust agreement at her will or upon her death. As McDonald acknowledged, her conveyance of the stock to Nozik was an exercise of her right to terminate the trust at her will. Upon this action, McDonald had an immediate and distinct duty to convey the trust corpus to Errol. McDonald breached this duty upon her conveyance of the stock to Nozik.

Appellants knew of Errol's beneficial interest in the stock shares and Errol's intention to retain that interest. Thus, a constructive trust was a proper

remedial device to effectuate justice and to preclude the unjust enrichment of Nozik. Any claim that Nozik was a bona fide purchaser is defeated by Nozik's knowledge of Errol's interest in the stock.

A constructive trust was created when the trial court ordered the endorsement and delivery of the twenty shares of stock to Errol. Thus, even when we view the evidence in a light most favorable to appellants, there are no genuine issues of material fact.

Appellants also contend that the trial court's decision is in direct conflict with the express purpose of the trust to maintain "family control." While we recognize that appellants addressed the changing control of the corporation upon an award of the stock shares, the record shows that this specific issue was never raised before the trial court.

"It is axiomatic that '[i]ssues not raised in the lower court and not there tried and which are completely inconsistent with and contrary to the theory upon which appellants proceeded below cannot be raised for the first time upon review.'" *Miller v. Wikel Mfg. Co.* (1989), 46 Ohio St.3d 76, 78, 545 N.E.2d 76, 78–79, quoting *Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47, syllabus.

Accordingly, we will not address this new issue.

Based upon the foregoing, McDonald's and Nozik's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and CACIOPPO, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.