I respectfully dissent. From the stipulated record, it is not clear whether Patricia Morrow had constructive knowledge that Donald Morrow unlawfully or inequitably obtained the subject property. Further, other documents in the trial court's record, including documents pertaining to the Morrows' divorce, indicate that less than one year before Patricia and Donald Morrow entered into the modified separation agreement through which she obtained the Ramsey Drive property, Donald had numerous debts and a stated income, after expenses, of only $10,000. Donald had entered into a number of real estate ventures involving his mother which the domestic relations referee found "to say the least, suspect." I therefore believe that the stipulated record was wholly inadequate to address the issue of whether Patricia had constructive knowledge that Donald Morrow had obtained the Ramsey Road property by fraudulent means.
In determining whether a constructive trust should have been imposed in this instance, we note that the Supreme Court inFerguson v. Ferguson (1984), 9 Ohio St.3d 223, 225-226, stated as follows:
 A constructive trust is defined in 76 American Jurisprudence 2d (1975) 446, Trusts, Section 221, as:
 "* * * [A] trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice. * * *
 In Beatty v. Guggenheim Exploration Co. (1919), 225 N.Y. 380, 122 N.E. 378, we find the following pertinent commentary by Justice Cardozo, at pages 386 and 389, 122 N.E. 378:
 "* * * A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. * * * A court of equity in decreeing a constructive trust is bound by no unyielding formula."
 See, also, Kuck v. Sommers (App. 1950), 59 Ohio Law Abs. 400, 100 N.E.2d 68.
 A constructive trust is, in the main, an appropriate remedy against unjust enrichment. This type of trust is usually invoked when property has been acquired by fraud. However, a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud. See 53 Ohio Jurisprudence 2d (1962) 578-579, Trusts, Section 88; V Scott on Trusts (3 Ed. 1967) 3412, Section 462.
 In applying the theories of constructive trusts, courts also apply the well known equitable maxim, "equity regards done that which ought to be done."
A constructive trust will not attach to property acquired by a bona fide purchaser, however. See Nozik v. McDonald (1994),99 Ohio App.3d 353, 358; Union Savings and Loan Assoc. v. McDonough
(1995), 101 Ohio App.3d 273, 276. To qualify as a bona fide purchaser, one must acquire title to the property for value and without notice of another's equitable interest in the property.Id. Notice may be actual or constructive. Id., at 276-277;Farmers Bank v. Teeters (1874), 31 Ohio St. 36, 38.
Thus, as the court stated in Clagg v. Cooke (August 18, 1989), Pickaway App. No. 88 CA 23, unreported:
 The general rule is that if an innocent third party takes possession of embezzled property, that party becomes a constructive trustee of the property for the party whose property was embezzled. However, if the third party establishes that he has a bona fide purchaser for value and without notice, that party takes the property free and clear of the constructive trust. See e.g. Farmers Bank v. Teeters (1874), 31 Ohio St. 36; Bogert, Trusts and Trustees (2d Ed. Rev. 1982) § 881.
In this instance, the trial court determined that Patricia Morrow was a bona fide purchaser. The materials submitted to the trial indicate that she obtained the real property at issue pursuant to a modification of her separation agreement with Donald Morrow, and that she had "no knowledge" that the funds through which Donald Morrow obtained the property were converted from Courtney Everhard. From the stipulated record, however, it is not clear whether Patricia Morrow had constructive knowledge that Donald Morrow unlawfully or inequitably obtained the subject property. Documents in the trial court's record, including documents pertaining to the Morrows' divorce, indicate that less than one year before Patricia obtained the Ramsey Drive property from Donald and his mother, Donald had a stated income, after expenses, of only $10,000. He also had numerous debts and had entered into a number of real estate ventures involving his mother which the domestic relations referee found "to say the least, suspect." It is therefore my opinion that the stipulated record was wholly inadequate to address the issue of whether Patricia had constructive knowledge that Donald Morrow had obtained the Ramsey Road property by fraudulent means. I would reverse and remand the matter for additional proceedings as to this issue.