**GEORGEOFF, Appellant,**

v.

**O'BRIEN, Appellee.**

[Cite as *Georgeoff v. O'Brien* (1995), 105 Ohio App.3d 373.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17080.

Decided July 19, 1995.

*Donald M. Georgeoff,* pro se.
*Robert M. Thomson,* for appellee.

SLABY, Judge.

Appellant, Donald M. Georgeoff, appeals from the entry of summary judgment by the Summit County Court of Common Pleas in favor of appellee, Kerry O'Brien, in appellant's legal malpractice action against him. We affirm.

The essential facts were not in dispute. Appellee represented appellant in a federal criminal action. After four days of trial, appellee entered into plea negotiations on appellant's behalf with the United States district attorney. As a result of the negotiations, three of four counts against appellant were dismissed, no restitution was required, a fine was imposed, and charges against appellant's daughter, who had been indicted with appellant, were dropped. Appellant was sentenced to time in a federal institution on the remaining count.

Prior to sentencing, appellee was permitted to withdraw as counsel. Appellant moved to withdraw his plea, but the motion was denied. The Sixth Circuit Court of Appeals affirmed the denial on appeal.

Approximately one year later, appellant was again indicted on federal charges. He sought to have that indictment dismissed because the charges arose out of the same circumstances that led to his prior guilty plea. Although the district court had dismissed the second indictment against one of appellant's codefendants, who also had been indicted with appellant on the first indictment and had entered a guilty plea, the district court denied the motion to dismiss appellant's indictment because, unlike the codefendant's prior plea agreement, appellant's guilty plea did not include language that prohibited related charges based on facts known or made known to the United States during the course of the prior proceedings. The district court also noted that the *quid pro quo* for the guilty plea was the dismissal of the indictment against appellant's daughter, not immunity from further prosecution. Appellant pleaded guilty to the charges in the second indictment.

Appellant, proceeding without an attorney, filed this malpractice action against appellee, in which he alleged that appellee negligently failed to include standard language in the plea agreement that would have prohibited further prosecution and required dismissal of the second indictment. Appellant sought discovery from appellee through interrogatories, a request for admissions and a request for production of documents. Appellee responded to the discovery; however, he objected to certain interrogatories and document requests without specification of the underlying reason for the objections. Appellant moved to compel discovery; the court failed to address the motion.

Both parties moved for summary judgment. Appellee supported his motion with affidavits, including an affidavit from an expert witness who concluded that appellee acted "well within acceptable standards of legal care, fully meeting his duties to [appellant]." Appellant did not file any affidavits, but instead filed an uncertified transcript of his codefendant's hearing on the dismissal of the indictment. Testimony of the district attorney in that hearing indicated that the omitted language was "standard language" and would have been included had it been requested. The trial court, reasoning that expert testimony was required,

granted summary judgment to appellee because appellant had failed to refute appellee's expert's opinion.

Appellant assigns three errors on his appeal from the court's judgment.

### Assignments of Error I and II

"I. The trial court erred in granting summary judgment to appellee.

"II. The trial court erred in overruling appellant's motion for summary judgment."

In reviewing an entry of summary judgment, an appellate court applies the same standard used by the trial court. *McConville v. Jackson Comfort Sys., Inc.* (1994), 95 Ohio App.3d 297, 301, 642 N.E.2d 416, 419. Before summary judgment may be granted, a trial court must determine that:

"(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

The moving party has the burden of showing that summary judgment is appropriate. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

The elements of a legal malpractice claim that arises from criminal representation are (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, syllabus. Expert testimony is required to establish a breach of professional duty unless the claimed breach is within the ordinary knowledge and experience of laymen, or is so obvious that it may be determined as a matter of law. *Rosenblum v. Riemenschneider* (May 6, 1992), Summit App. No. 15324, unreported, at 3, 1992 WL 98851; see, also, *McInnis v. Hyatt Legal Clinics* (1984), 10 Ohio St.3d 112, 113, 10 OBR 437, 438, 461 N.E.2d 1295, 1296–1297; *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 203, 11 OBR 298, 298–299, 464 N.E.2d 187, 187–188. On a summary judgment motion, if expert testimony is required and the moving party produces expert opinion evidence that the attorney did not breach a professional duty of care owed to the client, then summary judgment is properly entered unless the

nonmoving party produces expert testimony that the attorney did breach such a duty. *Rosenblum*, unreported, at 3–4; *Dieckmann*, 11 Ohio App.3d at 203–204, 11 OBR at 298–299, 464 N.E.2d at 187–188.

In the instant case, expert testimony was required. The factors to be considered in the negotiation and acceptance of any particular plea agreement are not commonly within the knowledge and experience of laymen. Nor is the failure to include immunity language an obvious breach of duty. Accordingly, when appellee produced the testimony of an expert that he had exercised the requisite degree of care in his representation of appellant, appellant was required to offer expert testimony to refute that conclusion. Appellant instead countered with a transcript of a federal court hearing in which the United States district attorney testified that the immunity language was "standard" in plea agreements of this type and that he, the district attorney, had forgotten to put the language in appellant's agreement. Appellant's evidence does not raise an inference that appellee breached a duty by failing to include the language in appellant's plea agreement; therefore, the trial court correctly granted summary judgment in favor of appellee and against appellant.

Appellant's first and second assignments of error are overruled.

### Assignment of Error III

"The trial court erred in not sanctioning appellee for his failure to comply with appellant's discovery requests."

Appellant's last assignment of error is addressed to the failure of the court to rule upon a motion to compel discovery. Appellee had responded to certain interrogatories and document requests by objection without stating the basis of the objection. Appellant twice moved for default judgment as a sanction for the failure to fully respond to the interrogatories and, in addition, moved to compel the discovery. The motion to compel discovery was coupled with a motion for leave to file summary judgment. The court granted the motion for leave within the time frame requested by appellant, overruled the motions for default judgment, but did not rule on the motion to compel. Appellant now complains that he could not properly present expert testimony without the requested discovery.

When a trial court fails to rule upon a motion, it will be presumed that it was overruled. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 169, 561 N.E.2d 1001, 1004; *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 351–352, 8 OBR 458, 462–464, 457 N.E.2d 858, 863–864. Thus, we presume that the court in this case denied appellant's motion to compel discovery. We review the denial of discovery motions under an abuse of discretion standard. See *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph one of the syllabus; *Bland v. Graves* (1993), 85 Ohio App.3d 644, 659, 620 N.E.2d 920, 929–930.

In the context of a Civ.R. 56 summary judgment proceeding, the evidence cannot be examined in a light most favorable to the nonmoving party if full access to necessary materials and witnesses is denied. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 668, 591 N.E.2d 752, 755. Nevertheless, the court's discretion includes the power to limit discovery so as to prevent a "fishing expedition" for incriminating evidence. *Bland,* 85 Ohio App.3d at 659, 620 N.E.2d at 929–930; *Manofsky,* 69 Ohio App.3d at 668, 591 N.E.2d at 755. Appellant's discovery requests were "designed, among other things, to discover the level of experience that appellee had in representing white collar crime defendants in the [United States] district court and the preparation that appellee made to represent appellant at the upcoming trial." Appellee's trial preparation and his past experience are not particularly relevant to whether he breached a duty of care by failing to include particular language in appellant's plea agreement. In addition, to bring the court's omission to its attention, appellant could have requested that the trial court continue the date on which his motion for summary judgment was due until the court could rule upon the motion to compel. See Civ.R. 56(F). He did not. Under these circumstances, we do not find that the trial court abused its discretion by failing to order more complete responses to the discovery requests.

Appellant's third assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and DICKINSON, J., concur.