DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendants-appellants, KB Compost Services, Inc. and KF Farms, LLC (collectively "the appellants"), appeal a judgment of the Summit County Court of Common Pleas granting a permanent injunction against them and a judgment of that court denying their motion for relief from judgment. This Court affirms.
KF Farms, LLC owns certain real estate in Richfield Township, Summit County, Ohio. KF Farms leases that property to KB Compost Services, Inc., a related corporation. KB Compost operated a composting operation and landfill on the property. The compost was created by mixing wastes from various municipal sewage treatment plants with woodchips or sawdust. All of the components of the resultant compost were brought onto the property; none of the components were produced on the property itself. The vast majority of the compost was then sold to be used by others, including nurseries and homeowners, while only a small amount was retained to be used on farming operations on the property.
When the appellants originally approached the officials of Richfield Township, the appellants represented that the composting operations would be on a limited scale and that the compost would be used in farming operations on the land. Based on these representations, the township officials decided that the composting operations were exempt from township zoning regulations as an agricultural use. The township officials later discovered that the true extent of the composting operations was not as represented by the appellants.
On February 18, 1998, Carol Marik, the Richfield Township Zoning Inspector, filed a complaint for injunctive relief in the Summit County Court of Common Pleas. The complaint sought to enjoin the appellants from continuing their composting operations on the property at issue.[1] The appellants answered the complaint.
The matter was tried before a magistrate on August 5 and 7, 1998. The proceedings were recorded by a court reporter. On October 2, 1998, the magistrate's decision was issued. The magistrate found that the appellants' composting operations were not an agricultural use and therefore not exempt from the township zoning regulations. The magistrate recommended that the appellants be permanently enjoined from continuing the composting operations on the property.
The appellants filed objections to the magistrate's decision on October 22, 1998, pursuant to an extension of time in which to file the objections. The objections were accompanied by an affidavit, which the appellants believed would comply with Civ.R. 53(E)(3)(b) (unavailability of a transcript of proceedings before a magistrate). No transcript was filed at any time thereafter. On October 28, 1998, Marik responded in opposition to the objections and moved to strike the affidavit. The trial court granted the motion to strike the affidavit on October 30, 1998. Thereafter, on November 2, 1998, the trial court overruled the appellants' objections, adopted the magistrate's decision, and entered an order enjoining the composting operations.
On November 25, 1998, the appellants moved for relief from judgment under Civ.R. 60(B). The appellants contended that the trial court should vacate the judgment and permit the appellants to file a transcript of the proceedings before the magistrate. A hearing was held on the appellants' motion on December 18, 1998. On December 28, 1998, the trial court denied the appellants' motion.
The appellants timely appeal, asserting three assignments of error.
Assignment of Error No. III
 The trial court abused its discretion in failing to grant defendants' Civ.R. 60(B) motion for relief from judgment in order to evaluate the magistrate's decision and defendants' objections thereto in light of the trial transcript which had been ordered and would have been filed in accordance with Loc. R. [sic] 18.05.
The third assignment of error will be addressed first. The appellants argue that the trial court should have granted their Civ.R. 60(B) motion and should have allowed them to file a transcript of the proceedings before the magistrate. This Court disagrees.
To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Relief from judgment may be granted under Civ.R. 60(B)(1) for "mistake, inadvertence, surprise or excusable neglect." What constitutes "excusable neglect" is determined from all the surrounding facts and circumstances. See Miami Sys., Corp. v. Dry Cleaning ComputerSys., Inc. (1993), 90 Ohio App.3d 181, 185.
When reviewing a trial court's decision on a Civ.R. 60(B) motion, this Court may not overturn the trial court unless it abused its discretion. Rose Chevrolet, Inc., 36 Ohio St.3d at 20. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
The witnesses at the hearing on the appellants' motion were the appellants' trial attorney, the court reporter who was present at the proceedings before the magistrate, and the bailiff of the trial judge who was hearing the matter. The testimony from the hearing revealed the following sequence of events after the magistrate's decision was issued: On October 9, 1998, the attorney spoke with the court reporter about the length of time that would be required to prepare a transcript of the proceedings before the magistrate. The court reporter told the attorney that it would require thirty days. Believing that he would have to file the transcript contemporaneously with his objections to the magistrate's decision on October 22, 1998, the attorney concluded that a transcript was "unavailable" under Civ.R. 53(E)(3)(b) and did not request that a transcript be made. When the objections were filed on October 22, 1998, they were accompanied by an affidavit purporting to recite the evidence before the magistrate. On or about October 26, 1998, the judge's bailiff called the court reporter to see if a transcript had been ordered, and the court reporter indicated that it had not been ordered. The court reporter then called the attorney to tell him that the judge had inquired about the transcript. The attorney then told the court reporter to prepare the transcript. No praecipe for the transcript was filed in accordance with Loc.R. 18.05 of the Summit County Court of Common Pleas. The attorney testified that the court reporter had told him that no praecipe would be required, based on their long-standing relationship; the court reporter testified that he had no specific recollection of a discussion about a praecipe but that he would not have advised the attorney not to comply with Loc.R. 18.05. The trial court struck the appellants' affidavit on October 30, 1998, and overruled the objections on November 2, 1998. Also on November 2, 1998, the appellants filed a response to the motion to strike the affidavit; no mention was made in that filing that a transcript had been ordered. On or after November 2, 1998, the court reporter called the bailiff to notify her that he was preparing a transcript. The bailiff responded that a transcript would not be necessary because the trial court had ruled on the objections.
Loc.R. 18.05 of the Summit County Court of Common Pleas states in relevant part:
 If a transcript of the trial or hearing is necessary to support objections or appeal to the magistrate's decision or order, it must be filed with the Court by the moving party within thirty (30) days after the filing of objections or appeal unless the assigned judge, in writing, extends the time due to the inability of the court reporter to complete the transcript of the testimony. A praecipe for transcript shall be served in written form on the chief court reporter within (3) days [sic] after the filing of said objections, appeal, contra objections or appeal reply. Said praecipe shall be filed with the Clerk.
It is uncontroverted that a written praecipe was never served on the chief court reporter or filed with the clerk of the trial court. The appellants argue that the failure to file a written praecipe was the product of excusable neglect that should have been remedied by the trial court granting their motion.
This Court finds that the trial court did not abuse its discretion by denying the appellants' Civ.R. 60(B) motion.[2]
The evidence before the trial court demonstrates that the appellants' trial attorney initially decided not to proceed with a transcript at all and attempted to procure a transcript from the court reporter only after an inquiry by the trial court. While the attorney testified that the court reporter had waived the requirement of a praecipe, the court reporter testified that he would not have counseled the attorney to violate Loc.R. 18.05. Furthermore, in the appellants' response to Marik's motion to strike the affidavit accompanying their objections, which was filed on November 2, 1998, no mention is made of the fact that a transcript had been ordered, verbally or otherwise, prior to that date.
Given all the facts and circumstances surrounding the matter, the evidence supports the trial court's finding that the appellants had not demonstrated that the judgment should be vacated under Civ.R. 60(B)(1) for excusable neglect. The trial court's decision denying the appellants' motion did not manifest an abuse of discretion. Accordingly, the third assignment of error is overruled.
Assignment of Error No. II
 The trial court abused its discretion in adopting the magistrate's decision and entering judgment against the defendants without ruling upon defendants' defense of equitable estoppel.
In their second assignment of error, the appellants contend that the trial court erred by not remanding the case to the magistrate for a ruling on an issue that was not explicitly addressed in the magistrate's decision. In the case at bar, the appellants raised the defense of equitable estoppel, arguing that the township knew of and initially approved of the composting operations and that as a result the township was estopped from taking a contrary position on the matter. The issue of equitable estoppel was not addressed in the magistrate's decision or in the trial court's order adopting the magistrate's decision. The appellants contend that the trial court should have either remanded to the magistrate for a decision on the issue or ruled on the issue itself.
This argument is not well taken for two reasons. First, any alleged error in the failure of the magistrate and the trial court to address the equitable estoppel defense is harmless and not prejudicial. See Civ.R. 61. Because the magistrate recommended that an injunction issue, it may be presumed that the defense was rejected. Cf. Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373,378 ("When a trial court fails to rule upon a motion, it will be presumed that it was overruled."). Second, the defense of equitable estoppel was not applicable in this case. See Hudson v.Patel (Dec. 24, 1997), Summit App. No. 18434, unreported, citingAvon v. Samanich (Aug. 23, 1995), Lorain App. No. 95CA006042, unreported. The second assignment of error is overruled.
Assignment of Error No. I
 The trial court abused its discretion by adopting the magistrate's conclusion of law that defendants' composting operations do not constitute "use of land for agricultural purposes."
The appellants argue in the first assignment of error that the trial court erred by adopting the magistrate's decision as to whether the agricultural use exception applied to the appellants' composting operations. The appellants contend that the magistrate's findings of fact do not support the ultimate conclusion of law that the agricultural use exception does not apply to their composting operations. This Court disagrees.
When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), this Court must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, unreported. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id.
The appellants argued before the magistrate that they were not subject to the zoning regulations of Richfield Township because the composting operations were an agricultural use and, as such, were not subject to regulation under R.C. 519.21. The magistrate found that the compost created on the premises was not derived from materials that were produced on the property at issue but were instead brought onto the property by truck. The magistrate also found that, except for a very small portion retained for use on the property, the vast majority of the compost created was sold to another corporation associated with the appellants, which in turn resold the compost commercially to nurseries, homeowners, and others. Based on these facts, the magistrate determined that the composting operations were not an agricultural use, free from zoning regulation, and the trial court adopted the magistrate's findings of fact and conclusions of law.
R.C. 519.21(A) states: "Except as otherwise provided ***, sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes * * *."
 As used in section 519.02 to 519.25 of the Revised Code, "agriculture" includes farming; ranching; aquaculture; apiculture; horticulture; viticulture; animal husbandry, including, but not limited to, the care and raising of livestock, equine, and fur-bearing animals; poultry husbandry and the production of poultry and poultry products; dairy production; the production of field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, sod, or mushrooms; timber; pasturage; any combination of the foregoing; the processing, drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with, but are secondary to, such husbandry or production.
R.C. 519.01.
While the spreading of sewage on farmland for fertilization purposes has been held to be an agricultural use, see Allen Twp.Bd. of Trustees v. Chasteen (1994), 97 Ohio App.3d 250, 257; Perryv. Providence Twp. (1991), 63 Ohio App.3d 377, 382, in those cases the sewage was used to fertilize the land and was not a component of a product to be shipped elsewhere. In State ex rel. Fox v.Orwig (Sept. 15, 1995), Trumbull App. No. 94-T-5100, unreported, a landowner ran a landscaping service that sold nursery stock and compost. The nursery stock was not grown on the property but was instead shipped in, planted on the property for a brief period, and then shipped out when sold or used in a landscaping job. Likewise, the compost was not derived from material found on the property but was created from cuttings, leaves, and other byproducts of the landscaping business. The court of appeals held that the agricultural use exception did not apply to the landscaping activities. The court of appeals determined that the nursery stock was not agriculture under R.C. 519.01 because "any growth that occurred was incidental to the time that the plants remained on the property." Orwig, supra. Similarly, the compost was not agriculture because it was not produced on the property and was only "an accommodation to appellants' landscaping business[.]" Id.
This Court finds Orwig to be both instructive and persuasive. In the case at bar, the materials used to create the appellants' compost were not produced on the property at issue but were instead brought in from outside sources. The resultant compost was created almost entirely for sale to outside entities and not for farming operations on the property. While compost may be an agricultural product, the appellant's "processing, drying, storage, and marketing of" such compost was not "conducted in conjunction with, but * * * secondary to, * * * production [of another agricultural product]." R.C. 519.01. As such, this Court concludes that the appellants' composting operations do not fit within the agricultural use exception found in R.C. 519.21(A). Therefore, the trial court did not abuse its discretion by adopting the magistrate's decision on this issue. The first assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
DONNA J. CARR, FOR THE COURT
SLABY, P.J., WHITMORE, J., CONCUR.
[1] The complaint also sought to enjoin the appellants from operating a landfill on the property. However, this issue has not been raised in this appeal.
[2] This Court declines to apply the analysis of DeHart v.Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, syllabus, because the case at bar was not dismissed without a consideration of the merits of the case.