JOURNAL ENTRY AND OPINION
The sole issue in this attorney malpractice case is whether the court erred by granting summary judgment on grounds that plaintiff James Freechack did not present expert testimony regarding the standard of care required against his former attorney, defendant Michael Drain. Because both sides filed motions for summary judgment in which they agreed there was an absence of material fact, we review the issues as a matter of law.
Plaintiff hired Drain to represent him in an action against his landlord. When plaintiff leased commercial premises from the landlord, he claimed he specifically inquired into whether the premises were subject to flooding. The landlord allegedly assured him it was not. Five years later, plaintiff suffered a catastrophic flood that forced him into bankruptcy. He retained Drain to file suit against the landlord.
The suit against the landlord asserted one count of negligent misrepresentation that the premises was free from flooding and one count of negligence in failing to inform plaintiff that the premises was subject to flooding. The landlord filed a motion for summary judgment in which he claimed his entitlement to judgment as a matter of law on grounds that (1) plaintiff failed to assert a cause of action upon which recovery could be granted and (2) plaintiff failed to prove lost profits with reasonable certainty. Drain filed a two-page response to the motion for summary judgment which addressed only the issue of lost profits. The court granted the motion for summary judgment.
We affirmed the summary judgment on appeal in V.I.P. Designs Services v. Tavens Industries, Inc. (Mar. 13, 1997), Cuyahoga App. No. 71316, unreported. Citing to a long line of authority, we stated, "[i]n Ohio, the general rule as to commercial leases is that a landlord, in the absence of fraud or concealment or a written agreement to the contrary, who is not in possession of the premises is not liable to the tenant for damages resulting from the condition of the premises". Id., unreported at 4. Only fraud could have been asserted by plaintiff against the landlord. We concluded by saying:
 Since plaintiffs specifically base their claims for relief solely on negligent misrepresentation or negligent failure to warn, we are compelled to apply the prevailing landlord-tenant law of Ohio described above and hold that plaintiffs have failed to state a claim entitling them to relief. Summary judgment was properly granted.
Plaintiff then filed this five count malpractice action against Drain, claiming Drain failed to plead a legally cognizable action, failed to amend the pleadings, failed to research the applicable law, failed to diligently pursue the case, and lost crucial records. At the core of plaintiff's suit was his claim that witnesses in the action against the landlord would have verified his allegation that the landlord assured him the commercial premises were not subject to flooding when, in fact, the landlord knew the premises had previously flooded. Plaintiff maintains this would have been sufficient to establish a viable fraud claim which would not have been barred by landlord/tenant law.
During discovery, the parties disagreed on whether plaintiff needed to establish a breach of Drain's standard of care with expert testimony. When plaintiff insisted he did not need expert testimony, Drain filed a motion for summary judgment in which he argued that plaintiff's failure to put forth expert testimony on the standard of care amounted to a critical failure of proof. Plaintiff filed a cross-motion for summary judgment and claimed Drain's alleged breach was obvious under the circumstances and required no expert proof. The court granted Drain's motion for summary judgment.
The elements of a legal malpractice claim are (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. Krahn v. Kinney(1989), 43 Ohio St.3d 103, 105; Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373, 377.
As a general proposition, a plaintiff must produce expert testimony establishing the applicable standard of care in legal malpractice cases. However, the rule is not absolute. "Expert testimony, or testimony at all, for that matter, is not always required to establish a standard of care." Kemper v. Builder's Square (1996), 109 Ohio App.3d 127, 132-133. Expert opinions are not required when the conduct at issue is within the jury's general experience and knowledge. See McInnis v. Hyatt Legal Clinics (1984), 10 Ohio St.3d 112, 113; Jones v. Hawkes Hospital of Mt. Carmel (1964), 175 Ohio St. 503, 506-507.
The ultimate issues in this case are whether Drain breached a duty by failing to set forth a legally cognizable cause of action in the underlying litigation and failing to respond diligently to a motion for summary judgment in that same case. We do not believe these issues are within a jury's general knowledge and experience. There may be strategic reasons justifying Drain's actions — for example, the existence of insurance or other form of indemnification which might have made a cause of action for intentional conduct problematic. Because there is a basis for requiring expert testimony on the standard of care and breach thereof, we find the court did not err by granting summary judgment. The assignment of error is overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ JOHN T. PATTON, PRESIDING JUDGE
PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J., CONCUR.