OPINION
{¶ 1} Appellant appeals from his conviction and sentence entered upon his pleas of guilty to one count of OMVI, in violation of R.C. 4511.19(A)(1), one count of Marked Lanes, in violation of R.C. 4511.13, and one count of Seat Belt, in violation of R.C. 4513.263, in the Licking County Municipal Court.
{¶ 2} Appellee is the state of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On February 5, 2003, Appellant was stopped, arrested and charged with one count of OMVI, in violation of R.C.4511.19(A)(1), one count of Marked Lanes, in violation of R.C.4511.13, and one count of Failure to Wear a Seat Belt, in violation of R.C. 4513.263. No field sobriety tests were performed. A urine sample was provided upon request.
{¶ 4} Appellant was arraigned and entered pleas of not guilty to the charges.
{¶ 5} Discovery proceeded which, inter alia, resulted in the receipt by Appellant of the results of his urine test, that being 0.363 grams by weight of alcohol per 100 ml.
{¶ 6} On April 1, 2003, Appellant moved the court to disallow the State from prosecuting appellant under R.C. 4511.19(A)(4); to order the State to provide a sample of appellant's urine specimen available for independent testing' to suppress the urine sample and its results; and, to make available all video evidence.
{¶ 7} On May 2, 2003, a hearing was held on Appellant's Motion for April 1, 2003, wherein Appellant became aware that a videotape recording of the stop existed. Said hearing also included Appellant's motion to suppress based on the alleged failure of the officer to add an SFT tablet to the urine specimen as well as the refrigeration of same. At said hearing, Trooper Ronald Schneider testified that he stopped appellant after observing him make very distinct lane violations, well over the lines in each direction. (May 2, 2002, Suppression Hearing T. at 11). He further testified the he did add the SFT to the urine sample as required. (T. at 8-10, 12-15). Jeff Turnau, a criminalist with Ohio State Highway Patrol also testified. He testified that the urine sample in question was immediately refrigerated upon receipt and at all times when not being analyzed and not in transit. (T. at 19-20). He also testified as to the presence of the SFT in the sample, which prevents fermentation. (T. at 21). At the conclusion of the hearing, the trial court overruled Appellant's motions, including the suppression motion, finding that the testing procedures followed were in accordance with the Ohio Department of Health Regulations. (T. at 32).
{¶ 8} On May 20, 2003, appellant filed another motion to suppress all evidence based on an unlawful stop. The trial court never explicitly ruled on such motion.
{¶ 9} On May 27, 2003, the trial court, by judgment entry, denied Appellant's April 1, 2003, motion.
{¶ 10} On June 11, 2003, Appellant waived his rights to a speedy trial.
{¶ 11} On June 17, 2003, Appellant moved the court to permit appellee to submit an adequate specimen of Appellant's urine sample for independent testing.
{¶ 12} On June 18, 2003, the trial court granted said motion for independent testing.
{¶ 13} On November 3, 2003, Appellant filed a motion for reconsideration of the denial of his motion to suppress the urine test and results.
{¶ 14} On November 4, 2003, the trial court denied Appellant's motion for reconsideration.
{¶ 15} On November 18, 2003, Appellant waived his right to a trial by jury and entered pleas of no contest to the charges.
{¶ 16} Based on Appellant's pleas of no contest, the trial court found appellant guilty and imposed a fine of $30 for the seat belt violation, $25 for the marked lanes violation and a $400 fine and 90 days in jail, with 60 suspended, on the OMVI charge. Appellant's driver's license was suspended for two years. Appellant was also ordered to pay court costs.
{¶ 17} On November 24, 2003, Appellant filed a notice of appeal of the November 18, 2003, Judgment Entry of conviction and sentence.
{¶ 18} Appellant now appeals, assigning the following error for review:
 ASSIGNMENTS OF ERROR
{¶ 19} "I. The trial court erred and/or abused its discretion by not reviewing the video of the initial stop and/or by not granting defendant's motion to suppress.
{¶ 20} "II. The trial court erred and/or abused its discretion by permitting appellee to amend the complaint to include a violation of R.C. 4511.19(A)(4) and/or by permitting the addition of another charge, R.C. 4511.19(A)(4).
{¶ 21} "III. The trial court erred and/or abused its discretion by denying appellant's motion to suppress the urine test and results and/or appellant's motion to reconsider (11/3/03)."
 I.
{¶ 22} In his first assignment of error, Appellant argues that the trial court abused its discretion in not granting his motion to suppress based on an unlawful stop and also when it failed to review the video of the traffic stop. We disagree.
{¶ 23} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See:State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger
(1993), 86 Ohio App.3d 592, 594. In this case, Appellant is contending that the trial court incorrectly decided the ultimate issue.
{¶ 24} An abuse of discretion connotes action by the trial court that is unreasonable, arbitrary, or unconscionable. SeeState v. Brown (1988), 38 Ohio St.3d 305, 312, certioraridenied, 489 U.S. 1040, 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239,239.
{¶ 25} Appellant argues that the videotape fails to show that he was driving erratically and therefore no probable cause existed for the stop. He further argues that the trial court erred in not reviewing said tape.
{¶ 26} Crim.R. 12(C) provides: All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
{¶ 27} In the instant case, Appellant filed this second motion to suppress approximately 90 days after his arraignment, without leave of the court.
{¶ 28} As stated by Appellant, the trial court never actually ruled on the second Motion to Suppress filed on May 20, 2003. When a trial court fails to rule on a motion, the motion is considered denied. State v. Olah, 146 Ohio App.3d 586, 592,2001-Ohio-1641, citing Georgeoff v. O'Brien (1995),105 Ohio App.3d 373, 378, 663 N.E.2d 1348; Solon v. Solon Baptist Temple,Inc. (1982), 8 Ohio App.3d 347, 351-352, 457 N.E.2d 858.
{¶ 29} As the trial court could have based its denial of the motion to suppress as not being timely filed, if such had in fact been written, we find such denial was not an abuse of discretion.
{¶ 30} Appellant's first assignment of error is denied.
 II.
{¶ 31} In his second assignment of error, Appellant argues that the trial court erred when it allowed the State to amend the complaint to include a violation of R.C. 4511.19(A)(4). We disagree.
{¶ 32} The citation issued to Appellant indicated a violation of R.C. 4511.19(A)(1) and also indicated a charge of prohibited concentration of alcohol in Appellant's urine.
{¶ 33} The trial court found that Appellant was not prejudiced by the addition of the (A)(4) charge as Appellant consented to the urine test, the box marked urine was checked on the citation and he received the results of same in a timely manner.
{¶ 34} Upon review, we find that the trial court did not abuse its discretion in allowing the addition of said section (A)(4) to the pending (A)(1) charge.
{¶ 35} Appellant's second assignment of error is overruled.
 III.
{¶ 36} In his third assignment of error, Appellant argues that the trial court erred when it denied his first motion to suppress relating to the collection and testing of the urine sample. We disagree.
{¶ 37} Upon review of the transcript and the testimony of Trooper Schnieder and Mr. Turnau as described supra, and, we find that the trial court had before it competent and credible evidence to find that the testing performed was done in accordance with ODH regulations.
{¶ 38} Appellant's third assignment of error is overruled.
{¶ 39} For the reasons stated in the foregoing opinion, the judgment of the Licking County Municipal Court, Licking County, Ohio, is affirmed.
Boggins, J. Wise, P.J. and Edwards, J. concur.