[Cite as *Parma v. Parma Firefighters Assn., Local 639*, 2013-Ohio-2918.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99263**

## CITY OF PARMA

PLAINTIFF-APPELLEE

vs.

## PARMA FIRE FIGHTERS ASSOCIATION,     LOCAL 639

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-749123

**BEFORE:** Keough, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEYS FOR APPELLANT**

William E. Froehlich
Ryan J. Lemmerbrock
Susannah Muskovitz
Muskovitz & Lemmerbrock, L.L.C.
The BF Keith Building
1621 Euclid Avenue, Suite 1750
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

Timothy G. Dobeck
Director of Law
City of Parma
6611 Ridge Road
Parma, Ohio 44129

Patrick J. Hoban
Stephen S. Zashin
Zashin & Rich Co., L.P.A.
55 Public Square
Fourth Floor
Cleveland, Ohio 44113

Timothy B. Miller
Assistant Prosecutor
City of Parma
6611 Ridge Road
Parma, Ohio    44129

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Parma Fire Fighters Association Local 639 (the "union"), appeals from the trial court's judgment denying its motion to show cause against plaintiff-appellee, the city of Parma (the "city"). For the reasons that follow, we reverse and remand with instructions to the trial court to order the city to immediately pay back pay and benefits to Anthony DeCarlo from December 3, 2010 until August 15, 2012.

I. Background

{¶2} The city and the union are parties to a collective bargaining agreement ("CBA"). Under the CBA, disputes between the city and the union concerning the application and interpretation of the agreement must be resolved through final and binding arbitration.

{¶3} Anthony DeCarlo had been a Parma fire fighter for 15 years before the city discharged him on December 8, 2009, because, the city alleged, DeCarlo had tested positive for cocaine during a random drug test and was dishonest about his drug use when questioned by city representatives after the test. The union filed a grievance on DeCarlo's behalf, contesting the discharge for lack of just cause under the CBA. The city denied the grievance and the union requested arbitration. On December 3, 2010, after a hearing, the arbitrator issued his award. He found that the city did not have just cause to terminate DeCarlo and ordered that he be "promptly reinstated" to his former job without retroactive back pay or benefits.

{¶4} The city subsequently filed an application in the common pleas court to

vacate, modify, or correct the arbitration award. The union filed a counter-application for an order confirming and enforcing the award. In its counter-application, the union asked the court to order the city to (1) fully comply with the arbitrator's award by immediately reinstating DeCarlo with back pay and reimbursement for lost benefits from December 3, 2010 (the date of the arbitrator's award) until his reinstatement date; and (2) pay pre- and postjudgment interest from December 3, 2010 until DeCarlo was reinstated because the city had refused to comply with the arbitrator's order. The union also asked the court to hold a hearing to determine whether the city's conduct in not promptly reinstating DeCarlo was frivolous and warranted an award of attorney fees under R.C. 2323.51(B)(2).

{¶5} On September 1, 2011, the trial court issued its order confirming and enforcing the arbitrator's award. Specifically, the judgment entry stated:

> [T]he Arbitration Award is confirmed and to be enforced. This Court denies [the union's] request for an award of interest, as the Award made by Arbitrator Nelson does not award the payment of money. Finally, [the union's] request for a hearing to determine attorney's fees pursuant to R.C. 2323.51 is denied.

{¶6} The city appealed the trial court's judgment. On March 8, 2012, this court affirmed the trial court's judgment confirming and enforcing the arbitration award. *Parma v. Parma Fire Fighters Assn. Local 639*, 8th Dist. No. 97342, 2012-Ohio-932. On July 25, 2012, the Ohio Supreme Court declined jurisdiction to consider the city's appeal.

{¶7} On August 15, 2012, the city reinstated DeCarlo to his former position. That same day, however, the city placed him on leave pending the outcome of a disciplinary hearing relating to allegations that DeCarlo had testified falsely about his drug

use during the 2010 hearing before the arbitrator.

{¶8} On August 23, 2012, the union filed two motions in the common pleas court: (1) a motion to show cause why the city should not be held in contempt for both its refusal to reinstate DeCarlo and its refusal to pay him back pay from December 3, 2010 to August 15, 2012, when he was reinstated; and (2) a motion for a temporary restraining order and preliminary injunction asking the court to enjoin the city from holding a pre-disciplinary hearing with DeCarlo regarding issues that had already been addressed during arbitration. The union's motions were extensively briefed by both parties.

{¶9} On November 8, 2012, the trial court denied both motions. In its journal entry, the court found that the city "insists they have complied with this court's order and reinstated Firefighter DeCarlo and then placed him on paid leave with full benefits pending the disciplinary investigation." The court further found that it lacked jurisdiction to issue the requested injunction because the conduct that formed the basis of the new charges (i.e., submitting false testimony at the arbitration hearing) was distinct from the charges addressed in the arbitrator's award. Accordingly, the court denied the union's motion to show cause and motion for temporary restraining order and preliminary injunction.

## II. Analysis

{¶10} The union now appeals from the trial court's judgment. Specifically, the union contends that the trial court abused its discretion in not finding the city in contempt for its refusal to pay DeCarlo back pay and lost benefits from December 3, 2010, the date

of the arbitrator's award, until August 15, 2012, when he was reinstated. The trial court's judgment did not rule on the union's back pay request for DeCarlo; accordingly, we presume it was denied. *See Vandenhaute v. Filer*, 8th Dist. No. 80405, 2002-Ohio-3640, ¶ 16, fn.3., citing *Georgeoff v. O'Brien*, 105 Ohio App.3d 373, 378, 663 N.E.2d 1348 (9th Dist.1995).

{¶11} A wrongfully excluded public employee may recover back pay and related benefits for the period he was wrongfully excluded from employment. *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298, ¶ 24. The purpose of a back pay award "in a case involving a wrongfully excluded public employee" is to make the employee whole and put him in the position he would have been absent the violation of the employment contract. *Id.* at ¶ 26, 33.

{¶12} Where an arbitration award orders reinstatement without retroactive back pay (i.e., from the date of discharge), such as in this case, back pay and the value of lost benefits are calculated from the date of the arbitration award until the date of reinstatement. *Bd. of Trustees of Miami Twp. v. Fraternal Order of Police*, 12th Dist. Nos. CA99-03-028 and CA99-04-031, 2000 Ohio App. LEXIS 2049 (May 15, 2000).

{¶13} "When parties agree to submit their disputes to binding arbitration, they have bargained for the arbitrator's resolution of the controversy and agree to accept the arbitration award." *Id.* at *22. In this case, the parties' dispute was resolved through the arbitrator's award, which found that the city had terminated DeCarlo without just cause under the CBA and ordered that he be promptly reinstated. The arbitrator's award was

confirmed and enforced by the trial court, and that judgment was affirmed by this court. Accordingly, the city was required to compensate DeCarlo for the time he was wrongfully excluded from his public employment, i.e., from December 3, 2010, to August 15, 2012, and the trial court should have found the city in contempt for its failure to do so.

{¶14} The city contends that the trial court's judgment confirming and enforcing the arbitrator's award did not "clearly and definitely" require it to compensate DeCarlo for lost wages and benefits from the date of the arbitrator's award until his reinstatement and, therefore, the city cannot be found in contempt for its refusal to do so. The city's argument is specious.

{¶15} Accepting the city's argument would mean that it also had no duty to reinstate DeCarlo to his former position because the trial court's enforcement order did not "clearly and definitely" order the city to do so. But even without express language in the trial court's judgment entry ordering the city to reinstate DeCarlo, the city clearly understood it was required to do so: it reinstated him on August 15, 2012. Indeed, the trial court would certainly have found the city in contempt of the enforcement order if it had not reinstated DeCarlo, even though there is no language in the enforcement order expressly directing the city to do so. The trial court's judgment ordered that the arbitrator's award was "confirmed and to be enforced," a judgment that included both reinstatement of DeCarlo to his former position and payment to him of lost wages and benefits, calculated from the date of the arbitrator's award until his reinstatement.

{¶16} In fact, the city repeatedly acknowledged to the trial court its duty to

compensate DeCarlo for his wrongful exclusion from employment. In its brief in opposition to the union's motion to confirm the arbitration award, the city stated that "if this court affirms the arbitrator's award, [the city] will have to address lost work between the date of the arbitration decision and this court's decision. * * * [T]hat will involve a separate legal claim * * * and an award for payment of money." In its brief in opposition to the union's motion to show cause, the city informed the court that "it ha[d] not refused to pay back pay for the twenty-one months that DeCarlo was not reinstated," but could not yet do so because the union had not provided any documentation of the amount due, and had "not given the city enough time to accumulate its data or determine a back pay amount." Implicitly telling the court that it would pay DeCarlo when the proper documentation was received, the city stated:

> Before the city pays DeCarlo any back pay, the payroll department must determine the exact number of working days he was out of work, the rate of pay that he was entitled to for those days, and any increase in pay he would be entitled to during the time that he was off. Additionally, there may be set-offs for any income DeCarlo received during his time off and, as such the union must provide the city with his tax returns. Therefore, the city is not in contempt because * * * it has not refused to pay back pay for the twenty-one months that DeCarlo was not reinstated.

{¶17} Later, in its sur-reply to the union's motion to show cause, the city told the trial court that "the city never 'refused' to discuss potential payment to DeCarlo for the period from the Award until his reinstatement" and that the city's decision not to respond to the union's demand for compensation, which the union calculated at $155,000, was merely because the union had filed a motion to show cause.

{¶18} The city's assertion now to this court that it has no obligation to pay DeCarlo

any compensation for the 21 months the city refused to reinstate him flies in the face of the representations it made to the trial court, and we reject it. The trial court ordered that the arbitrator's award was to be enforced, and this court affirmed the trial court's judgment. Accordingly, the city was required to *both* reinstate DeCarlo to his former position and pay him for the compensation and benefits lost during the 21 months the city did not reinstate him.

{¶19} We are likewise unpersuaded by the city's argument that the language of the judgment entry denying the union's request for an award of interest "as the Award made by Arbitrator Nelson does not award the payment of money" indicates that the city is not required to pay DeCarlo for any lost compensation or related benefits from the date of the arbitrator's award until his reinstatement.

{¶20} In its counter-application to enforce the arbitration award, the union alleged that the city had refused to comply with the arbitrator's award and, accordingly, asked for statutory interest from the date of the arbitration award until DeCarlo was reinstated. To compensate an aggrieved employee and make him whole, R.C. 1343.03 provides for a trial court's award of interest on the back pay due to a wrongfully discharged employee from the date of the arbitrator's award until reinstatement. *Bd. of Trustees of Miami Twp. v. Fraternal Order of Police*, 12th Dist. Nos. CA99-03-028 and CA99-031, 2000 Ohio App. LEXIS 2049 at *20; *Erie Cty. Sheriff v. Fraternal Order of Police*, 6th Dist. No. E-99-075, 2000 Ohio App. LEXIS 6050 (Dec. 22, 2000). In *Erie Cty. Sheriff*, for example, the Sixth District held that the trial court had abused its discretion in denying the union's request for

prejudgment interest retroactive to the date of the arbitration award where the county sheriff had continually refused to reinstate a corrections officer, despite the arbitrator's award that ordered reinstatement. *Id.* at \*8. Thus, in this case, in light of the city's refusal to reinstate DeCarlo, the trial court could have awarded pre- and postjudgment interest on the back pay due him from the date of the arbitrator's award until he was reinstated, even though the arbitrator did not order any retroactive back pay.[1]

{¶21} Accordingly, the trial court's ruling on the union's request for pre- and postjudgment interest is not related to whether the city is required to pay DeCarlo back pay from the date of the arbitration award until his reinstatement. On December 3, 2010, the arbitrator ordered that DeCarlo be "promptly reinstated," but the city did not reinstate him until August 15, 2012. Consequently, the city must pay him back pay and lost benefits from December 3, 2010, until August 15, 2012.

{¶22} Finally, we reject the city's argument that the union's request for back pay and benefits from the arbitrator's award until reinstatement is barred by the principle of claim preclusion. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. The city contends that under the principle of claim preclusion, the union is precluded from asserting a claim for back pay and lost benefits

---

[1] The union did not appeal the trial court's denial of its request for interest, and we express no opinion regarding the trial court's ruling on that issue.

because the trial court's enforcement order did not order back pay and the union did not appeal that judgment.

**{¶23}** The union's claim for back pay is not precluded. As discussed extensively above, the trial court's judgment confirming and enforcing the arbitrator's award required the payment of back pay from the date of the arbitrator's award until the reinstatement date. Thus, the union's motion to show cause was the appropriate avenue for the union to seek enforcement of the trial court's judgment.

**{¶24}** R.C. 2705.02 states that "[a] person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer * * *." In reviewing a trial court's decision regarding a motion to show cause, this court applies an abuse of discretion standard. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981); *Perkins v. Gorski*, 8th Dist. No. 98478, 2013-Ohio-265, ¶ 9. In denying the union's motion to show cause, it is apparent that the trial court relied on the city's representations that it had both reinstated DeCarlo and intended to pay him back pay after it received appropriate documentation. However, because the city refused to pay DeCarlo any back pay, and thus did not comply with the trial court's judgment confirming and enforcing the arbitrator's award, we are constrained to find that the trial court abused its discretion in not finding the city in contempt.

**{¶25}** Reversed and remanded with instructions to the trial court to order the city to immediately pay back pay and lost benefits to DeCarlo from December 3, 2010 to August

15, 2012.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR